UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 5:16-CV-01079-CAS(AJWx) | Date | July 18, 2016 |
|---|---|---|---|
| Title | MARTIN PEARSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Martin Pearson, Pro Se | Robert Im | |

**Proceedings:** DEFENDANT NATIONSTAR MORTGAGE, LLC 'S MOTION TO DISMISS (Dkt. 7, filed June 16, 2016)

## I. INTRODUCTION

On May 24, 2016, plaintiff Martin Pearson, proceeding *pro se*, filed the instant action against defendants Nationstar Mortgage, LLC ("Nationstar") and Greenpoint Mortgage Funding Inc ("Greenpoint"). Dkt. 1. The complaint asserts claims against defendants for: (1) declaratory relief; (2) violation of 15 U.S.C. § 1601, *et seq.*; (3) violation of 15 U.S.C. § 1641(g); (4) violation of 15 U.S.C. § 1692, *et seq.*; (5) violation of 12 U.S.C. § 2605; (6) quasi contract; (7) accounting; and (8) quiet title relating to violations of the Federal Truth in Lending Act ("TILA"). Id.

On June 16, 2016, defendant Nationstar filed the instant motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a request for judicial notice.[1] Dkt. 7-8. Plaintiff filed an opposition to the instant motion

---

[1] Defendant Nationstar filed a request for judicial notice of a Notice of Default and a Notice of Trustee's Sale connected to the property at issue in this action, as well as state court filings and judgments to which plaintiff was a party. See Dkt. 8. Although plaintiff opposes this request, Dkt. 13, the Court grants defendant's request for judicial notice because these documents are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, courts routinely take judicial notice of these types of documents. See, e.g., Liebelt v. Quality Loan Serv. Corp., No. 09-CV-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011); Reynolds v. Applegate, No. C 10-04427 CRB, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb. 14, 2011);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:16-CV-01079-CAS(AJWx) | Date | July 18, 2016 |
|---|---|---|---|
| Title | MARTIN PEARSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

on June 28, 2016, Dkt. 12, and defendant Nationstar filed a reply on July 1, 2016, Dkt. 14. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

On December 21, 2006, plaintiff obtained a loan from defendant Greenpoint in the amount of $601,600, secured by a Deed of Trust which was recorded against the real property located at 1168 Deborah Street, Upland CA 91784 (the "Subject Property"). Compl. at 3, 35-36; Id. Ex. A, Deed of Trust. In March 2013, the beneficial interest under the Deed of Trust was transferred to defendant Nationstar. See id. Ex. G, Assignment of Deed of Trust. After plaintiff failed to make payments on his loan, a Notice of Default was recorded against the Subject Property. RJN, Ex. 1, Notice of Default. When plaintiff failed to cure this default, a Notice of Trustee's Sale was recorded against the Subject Property on August 19, 2013. Id., Ex. 2, Notice of Trustee's Sale.

On April 25, 2014, plaintiff filed an action in San Bernadino Superior Court against defendant Nationstar ("the State Court Action"). RJN, Ex. 5, State Court Complaint. In his state court complaint, plaintiff asserted two causes of action for: (1) quiet title pursuant to California Civil Code § 760.020; and (2) violation of California Homeowner's Bill of Rights ("HBOR"). Id. Each of these causes of action, at base, challenged Nationstar's right to foreclose on the subject property. See id. On August 15, 2014, plaintiff filed a First Amended Complaint ("FAC") in the State Court Action alleging the same causes of action as his original complaint. RJN, EX. 6, State Court FAC. On September 12, 2014, Nationstar filed a demurrer to plaintiff's FAC, and on April 23, 2015, the demurrer was heard and sustained without leave to amend. RJN, Ex. 7, Notice of Ruling re: Nationstar's Demurrer to plaintiff's FAC. On May 1, 2015, judgment was entered against plaintiff and in favor of Nationstar. RJN, Ex. 8, Judgment of Dismissal. On June 11, 2015, the State Court Action was dismissed with prejudice. RJN, Ex. 9, Minute Order Dismissing State Court Action with Prejudice. Defendants

---

Giordano v. Wachovia Mortg., No. 5:10-cv-04661-JF, 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:16-CV-01079-CAS(AJWx) | Date | July 18, 2016 |
|---|---|---|---|
| Title | MARTIN PEARSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

represent that plaintiff did not timely appeal the dismissal of the State Court Action. Mot., at 3. Plaintiff does not dispute this fact in his opposition or complaint.

On May 24, 2016, plaintiff filed the instant action again challenging Nationstar's right to foreclose on the Subject Property. Dkt. 1.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 5:16-CV-01079-CAS(AJWx) | Date | July 18, 2016 |
|---|---|---|---|
| Title | MARTIN PEARSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### IV.    ANALYSIS

Nationstar argues that the Superior Court's judgment in the State Court Action bars plaintiff's claims in the instant action under the doctrine of *res judicata*. "*Res judicata*, or claim preclusion, prohibits lawsuits on any claims that were raised *or could have been raised* in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks omitted) (italics in original). "The *res judicata* effect of a state court judgment is governed by the laws of the state in which the court is located." McGinest v. GTE Service Corp., 247 Fed. App'x. 72, 74 (9th Cir. 2007); see also Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993) ("The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that we give the same preclusive effect to a state-court judgment as another court of that state would give.") (internal quotation marks omitted). California courts apply *res judicata* when "[(1)] the claim relates to the same 'primary right' as a claim in a prior action, [(2)] the prior judgment was final and on the merits, and [(3)] the plaintiff was a party or in privity with a party in the prior action." Trujillo v. Santa Clara County, 775 F.2d 1359, 1366 (9th Cir. 1985) (citing Slater v. Blackwood, 15 Cal.3d 791, 795 (1975)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:16-CV-01079-CAS(AJWx) | Date | July 18, 2016 |
|---|---|---|---|
| Title | MARTIN PEARSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

    Here, the elements of *res judicata* are readily satisfied. First, both the instant action and the State Court Action involve the same primary right. In both actions, plaintiff alleges that Nationstar lacks the ability to enforce any interest in the Deed of Trust and thereby foreclose on the Subject Property. See also Thomas v. Bank of America, N.A., 2013 WL 3992999, at *6 (S.D. Cal. Aug. 5, 2013) ("The primary right is Plaintiff's property right to the subject property. The harm for which Plaintiff sought relief in state court is the same harm for which he now seeks to hold defendants liable which is the foreclosure of his property."). In his opposition, plaintiff contends that the instant action is not barred by *res judicata* because, unlike the instant action, the State Court Action did not raise claims for violations of TILA. Opp'n., at 5. However, "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983) (citations omitted). Therefore, "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." Fed. Home Loan Bank of San Francisco v. Countrywide Fin. Corp., 214 Cal. App. 4th 1520, 1530-31 (2013) (internal citations omitted). Here, at base, in both the State Court Action and the instant action plaintiff alleges that Nationstar lacks the ability to enforce any interest under his Deed of Trust and thereby foreclose on the Subject Property. Moreover, both the State Court Action and the instant action raise virtually the same facts, cite and append the same mortgage documents, and involve the same property. See also Rodriguez v. Bank of New York, 2014 WL 229274, at *6 (S.D. Cal. Jan. 17, 2014) ("Plaintiff's new claims in this Court arise from the same foreclosure process and documents as the state court actions and therefore arise out of the same primary right."). Accordingly, plaintiff's prior action and the instant action are derived from the same primary right.

    The other two elements of res judicata are also satisfied. The state court action resulted in a final judgment dismissing the action *with prejudice* and the time to appeal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-CV-01079-CAS(AJWx) | Date | July 18, 2016 |
| Title | MARTIN PEARSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

has expired. RJN, Ex. 9.[2] And both the instant action and the prior state action named Nationstar as a defendant.

Accordingly, because Nationstar has established all three elements of *res judicata*, plaintiff's claims against it are barred. The Court, therefore, GRANTS Nationstar's motion to dismiss.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITH PREJUDICE** defendant Nationstar's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

IT IS SO ORDERED.

| | | 00 | : | 04 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |

---

[2] In addition, plaintiff contends that *res judicata* does not apply in this case because the judgment in the State Court Action is a void judgment. A judgment may be void, and thus have no effect for purposes of *res judicata*, where a court exceeded its jurisdiction in ruling on the matter. See Rochin v. Pat Johnson Manufacturing Co., 67 Cal. App. th 1228, 1239-40 (Cal. Ct. App. 1998) ("The doctrine of *res judicata* is inapplicable to void judgments.") (citing 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 286) ("Obviously a judgment, though final and on the merits, has no binding force and is subject to collateral attack if it is wholly void for lack of jurisdiction of the subject matter or person, and perhaps for excess of jurisdiction, or where it is obtained by extrinsic fraud."). However, here the State Court Action was adjudicated by a California State Court and involved two causes of action arising under California law. Plaintiff provides no explanation as to why the court in his State Court Action lacked jurisdiction to adjudicate these causes of action. Rather, plaintiff's real argument appears to be that the state court erred in sustaining Nationstar's demurrer. This is not a valid basis for finding the judgment in the State Court Action to be void and, to the extent plaintiff truly believed the state court erred, he should have taken the opportunity to timely appeal that decision.