UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'    JS-6

| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Martin Pearson, Pro Se | Robert Im | |

**Proceedings:**   PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT GREENPOINT

## I.   INTRODUCTION

On May 24, 2016, plaintiff Martin Pearson, proceeding *pro se*, filed the instant action against defendants Nationstar Mortgage, LLC ("Nationstar") and Greenpoint Mortgage Funding, Inc. ("Greenpoint"). Dkt. 1 ("Compl."). The complaint asserts claims against defendants for: (1) declaratory relief; (2) violation of 15 U.S.C. § 1601 et seq.; (3) violation of 15 U.S.C. § 1641(g); (4) violation of 15 U.S.C. § 1692 et seq.; (5) violation of 12 U.S.C. § 2605; (6) quasi contract; (7) accounting; and (8) quiet title relating to violations of the Federal Truth in Lending Act ("TILA"). Id.

On June 16, 2016, defendant Nationstar filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a request for judicial notice. Dkts. 7, 8. Plaintiff filed an opposition to the motion to dismiss on June 28, 2016, dkt. 12, and defendant Nationstar filed a reply on July 1, 2016, dkt. 14. On July 18, 2016, the Court concluded that plaintiff's claims were barred by *res judicata* and granted Nationstar's motion to dismiss with prejudice. Dkt. 20 ("Order").

On July 15, 2016, plaintiff requested an entry of default against defendant Greenpoint. Dkt. 17. On July 18, 2016, the Clerk entered a default judgment pursuant to Federal Rule of Civil Procedure 55(a). On August 25, 2016, plaintiff filed the instant motion for default judgment against Greenpoint, along with a request for judicial notice.[1]

---

[1] Plaintiff filed a request for judicial notice of two judicial opinions and a supplement to Greenpoint's 2007 prospectus. Dkt. 24. The Court grants plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

Dkts. 22, 24. On September 2, 2016, Nationstar filed its opposition to plaintiff's motion for default judgment, as well as a request for judicial notice.[2] On September 16, 2016, plaintiff filed an opposition to Nationstar's request for judicial notice and a motion to prohibit Nationstar from filing any further pleadings in the matter. Dkt. 28. Also on September 16, 2016, plaintiff filed a supplemental brief in support of his motion for default judgment. Dkt. 29.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

On December 21, 2006, plaintiff obtained a loan from defendant Greenpoint in the amount of $601,600, secured by a Deed of Trust which was recorded against the real property located at 1168 Deborah Street, Upland CA 91784 ("Subject Property"). Compl. at 3, 35–36; id. Ex. A, Deed of Trust. In March 2013, the beneficial interest under the Deed of Trust was transferred to defendant Nationstar. See id. Ex. G,

---

request for judicial notice because these documents are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

[2] Defendant Nationstar filed a request for judicial notice of, inter alia, this Court's July 18, 2016 order; a Notice of Default, a Notice of Trustee's Sale, and other recorded notices connected to the property at issue in this action; as well as state court and bankruptcy court filings and judgments to which plaintiff was a party. See Dkt. 26 ("RJN"). Although plaintiff opposes this request, dkt. 28, the Court grants defendant's request for judicial notice because these documents are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, courts routinely take judicial notice of these types of documents. See, e.g., Liebelt v. Quality Loan Serv. Corp., No. 5:09-cv-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011); Reynolds v. Applegate, No. 3:10-cv-04427-CRB, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb. 14, 2011); Giordano v. Wachovia Mortg., No. 5:10-cv-04661-JF, 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'   JS-6

| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

Assignment of Deed of Trust. After plaintiff failed to make payments on his loan, a Notice of Default was recorded against the Subject Property. RJN, Ex. 4, Notice of Default. When plaintiff failed to cure this default, a Notice of Trustee's Sale was recorded against the Subject Property on August 19, 2013. RJN, Ex. 5, Notice of Trustee's Sale.

On February 5, 2014, plaintiff filed an adversary proceeding complaint in United States Bankruptcy Court against Nationstar and U.S. Bank National Association as Trustee for Greenpoint Mortgage Funding Trust. Dkt. 8, Ex. 3. Plaintiff asserted causes of action for declaratory relief, negligence, quasi contract, violation of 15 U.S.C. § 1692 et seq., violation of 12 U.S.C. § 2605, violation of California Business and Precessions Code § 17200 et seq., violation of the California Homeowner's Bill of Rights ("HBOR"), and accounting. Id. On April 22, 2014, the Bankruptcy Court declined to exercise jurisdiction over plaintiff's claims. Dkt. 8, Ex. 4.

On April 25, 2014, plaintiff filed an action in San Bernardino Superior Court ("State Court Action") against defendant Nationstar and "all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in [the] complaint." Dkt. 8, Ex. 5, State Court Complaint. In his state court complaint, plaintiff asserted two causes of action for: (1) quiet title pursuant to California Civil Code § 760.020; and (2) violation of the HBOR. Id. Each of these causes of action, at base, challenged Nationstar's right to foreclose on the subject property. See id. On August 15, 2014, plaintiff filed a First Amended Complaint ("FAC") in the State Court Action alleging the same causes of action as his original complaint. Dkt. 8, Ex. 6. On September 12, 2014, Nationstar filed a demurrer to plaintiff's FAC, and on April 23, 2015, the demurrer was heard and sustained without leave to amend. Dkt. 8, Ex. 7, State Court Minute Order. The Superior Court concluded that plaintiff lacked standing to enforce the "pooling or sale agreement" entered into between the lender and a third party and that plaintiff failed to establish any prejudice. Id. The court also found that plaintiff's quiet title claim failed because he had not alleged a tender of the debt in full. Id. Finally, the court concluded that any technical violation of the HBOR did not discharge plaintiff's liability under the Deed of Trust. Id. On May 1, 2015, judgment was entered against plaintiff and in favor of Nationstar. RJN, Ex. 17, Judgment of Dismissal. On June 11, 2015, the State Court Action was dismissed with prejudice. RJN, Ex. 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

On May 24, 2016, plaintiff filed a complaint in this Court again challenging Nationstar's right to foreclose on the Subject Property. Compl. For the first time, plaintiff named Greenpoint as a defendant in his complaint. Id. As against Greenpoint, plaintiff raises only four of the eight causes of action alleged in his complaint: (1) declaratory relief, seeking a declaration that "Nationstar and/or Greenpoint, does not have any rights or interest in Plaintiff's Notes and Deeds of Trust, or the Property which authorized them"; (2) failure to comply with plaintiff's notice to rescind in violation of 15 U.S.C. § 1601 et seq.; (3) false representations in violation of 15 U.S.C. § 1692 et seq.; and (4) quiet title relating to violations of the TILA. Id.

Greenpoint was served with the complaint on May 24, 2016. Dkt. 3. Greenpoint did not answer or otherwise defend against plaintiff's complaint. Therefore, on July 15, 2016, plaintiff requested an entry of default against defendant Greenpoint. Dkt. 17. On July 18, 2016, a default was entered by order of the Clerk pursuant to Federal Rule of Civil Procedure 55(a). On August 25, 2016, plaintiff filed the instant motion for entry of a default judgment against defendant Greenpoint, seeking the relief requested in plaintiff's May 24, 2016 complaint. Dkt. 22.

### III. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Schwarzer, Judge Tashima & Judge Wagstaffe, The Rutter Group Guide: Federal Civil Procedure Before Trial, 6:11 (2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entertainment Group, Inc. v. Bryant, 2004 WL 783123, *1 (C.D. Cal. Feb. 13, 2004); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | September 26, 2016 |
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits.  See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Bryant, 2004 WL 783123 at *1–2.

## IV. DISCUSSION

### A. Plaintiff Fails to State a Claim against Greenpoint on which Relief Can Be Granted

In its July 18, 2016 order, the Court concluded that plaintiff's claims against Nationstar were barred pursuant the doctrine of res judicata.  The Court's res judicata analysis applies equally with respect to plaintiff's claims against Greenpoint.

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised *or could have been raised* in a prior action."  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks omitted) (italics in original).  "The res judicata effect of a state court judgment is governed by the laws of the state in which the court is located."  McGinest v. GTE Service Corp., 247 Fed. App'x. 72, 74 (9th Cir. 2007); see also Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993) ("The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that we give the same preclusive effect to a state-court judgment as another court of that state would give.") (internal quotation marks omitted).  California courts apply *res judicata* when "[(1)] the claim relates to the same 'primary right' as a claim in a prior action, [(2)] the prior judgment was final and on the merits, and [(3)] the plaintiff was a party or in privity with a party in the prior action."  Trujillo v. Santa Clara County, 775 F.2d 1359, 1366 (9th Cir. 1985) (citing Slater v. Blackwood, 15 Cal.3d 791, 795 (1975)).

Consistent with the Court's July 18, 2016 order, the first two elements of res judicata are satisfied with respect to Greenpoint.  First, both the instant action and the State Court Action involve the same primary right.  In both actions, plaintiff argues that all interests in the Subject Property are vested in plaintiff and that the Deed of Trust cannot be enforced against plaintiff by any party.  See Thomas v. Bank of America, N.A.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

2013 WL 3992999, at *6 (S.D. Cal. Aug. 5, 2013) ("The primary right is Plaintiff's property right to the subject property. The harm for which Plaintiff sought relief in state court is the same harm for which he now seeks to hold defendants liable which is the foreclosure of his property."). The State Court Action and the instant action raise virtually the same facts, cite and append the same mortgage documents, and involve the same property. See also Rodriguez v. Bank of New York, 2014 WL 229274, at *6 (S.D. Cal. Jan. 17, 2014) ("Plaintiff's new claims in this Court arise from the same foreclosure process and documents as the state court actions and therefore arise out of the same primary right."). Accordingly, plaintiff's prior action and the instant action are derived from the same primary right. Second, the State Court Action resulted in a final judgment dismissing the action *with prejudice* and the time to appeal has expired. See Order at 5.

      While Greenpoint was not named in the State Court Action, that does not preclude the application of res judicata to plaintiff's claims against Greenpoint. Plaintiff's claims against Greenpoint "*could have been raised*" in the State Court Action. Stewart, 297 F.3d at 956. Furthermore, Nationstar and Greenpoint are in privity. Privity may be established by "a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights." Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1069 (1998); see also Armstrong v. Armstrong, 544 P.2d 941, 946 (Cal. 1976) ("[P]rivity exists where the person involved is . . . so identified in interest with another that he represents the same legal right.") (quotation marks omitted). Nationstar and Greenpoint are in a mutual relationship with respect to the Subject Property because Nationstar was a trustee for Greenpoint, the beneficiary under the Deed of Trust. See also Janson v. Deutsche Bank National Trust Co., 2015 WL 1250092, at *10 (N.D. Cal. Mar. 18, 2015) (privity requirement satisfied where "Plaintiff [sued] all of the Defendants because of their relationship to his mortgage"); O'Connor v. Nationstar Mortgage, LLC, 2014 WL 1779338, at *8 ("Nationstar obtained an assignment of the deed of trust to the property from Aurora, which was a named defendant in the state court action . . . Nationstar is, therefore, in privity with Aurora for the purposes of res judicata."). Nationstar and Greenpoint's identity of interest is demonstrated by the fact that a successful motion for default judgment against Greenpoint would result in, inter alia, declarations that the Deed of Trust is void and that the title to the Subject Property is vested only in plaintiff, thereby nullifying Nationstar's interest in the Subject Property under the Deed of Trust. Therefore, the third element of res judicata is satisfied as to Greenpoint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | September 26, 2016 |
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

Because all three elements of res judicata are satisfied, plaintiff does not state a claim against Greenpoint on which relief can be granted.

### B.     Default Judgment against Greenpoint is Improper

Because plaintiff fails to state a claim against Greenpoint, a default judgment, which would grant the relief that plaintiff seeks in his complaint, is inappropriate. See Eitel, 782 F.2d at 1471–72.

#### 1.     Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Courts have concluded that a plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). However, a plaintiff can suffer no prejudice where, as here, he is not entitled to recovery. Therefore, the first Eitel factor weighs against entry of default judgment.

#### 2.     Substantive Merits and Sufficiency of the Claim

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover).

Plaintiff does not state a claim against Greenpoint on which plaintiff can recover because his claims against Greenpoint are barred by the doctrine of res judicata. As a result, the second and third Eitel factors weigh against entry of a default judgment. See Eitel, 782 F.2d at 1472 (concluding that the district court did not abuse its discretion in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | September 26, 2016 |
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

denying the default judgment in part because the district court "had serious reservations about the merits of Eitel's substantive claim, based upon the pleadings").

### 3.     Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72.  "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate."  United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Generally, where a plaintiff seeks non-monetary relief, courts have concluded that this counsels in favor of granting a default judgment.  See, e.g., PepsiCo 238 F. Supp.2d at 1177 ("Plaintiffs are not seeking monetary damages.  They seek only injunctive relief from the continued use of their trademarks on Defendant's counterfeit products.  Accordingly, this factor favors granting default judgment."); United States v. Torres, No. 2:12-cv-10530-SVW-MRW, 2013 WL 7137587, *5 (C.D. Cal. Apr. 17, 2013) (same); United States v. Brekke, No. 2:12–cv–0722-WBS-JFM, 2012 WL 2450718, *4 (E.D. Cal. June 26, 2012) (same).  However, plaintiffs in those cases sought only injunctive relief.

Though plaintiff seeks non-monetary relief in the instant case, the relief sought—a judicial declaration that the title to the Subject Property is vested only in plaintiff—places at stake the value of the Subject Property.  Comparing the recovery sought, i.e., the value of the Subject Property, with Greenpoint's conduct, the Court finds that the relief sought is not proportional to the alleged harm caused by Greenpoint.  See Bever v. Quality Loan Serv. Corporation, No. 1:16-cv-0079-AWI-BAM, 2016 WL 1267578, at *5 (E.D. Cal. Mar. 31, 2016) appeal docketed, No. 16-15797 (9th Cir. Apr. 29, 2016) ("Although Plaintiffs do not seek a large sum of money, granting Plaintiffs a judgment declaring that Defendants have no interest in the property and not requiring Plaintiffs to make any further payments on the loan would result in a windfall.  Especially when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

viewed through the lens of the questionable merit of this action, the amount of money sought in this action is substantially disproportionate to the alleged misconduct.").

Accordingly, the fourth Eitel factor weighs against entry of default judgment.

### 4.     Possibility of Dispute

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. As described above, however, plaintiff has not adequately alleged his claims, which are barred pursuant to the doctrine of res judicata. See Danning, 572 F.2d at 1388 ("[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment."). The fifth Eitel factor, therefore, weighs against entry of default judgment.

### 5.     Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect. Id. at 1177; see also Eitel, 782 F.2d at 1471–72. The possibility of excusable neglect here is remote. Greenpoint was served on May 24, 2016. Dkt. 3. Since service, Greenpoint has neither responded nor attempted to have its default set aside. Where a defendant "[was] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Accordingly, this factor weighs in favor of entry of default judgment.

### 6.     Policy in Favor of Decisions on the Merits

Pursuant to the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. While "'this preference, standing alone, is not dispositive,'" PepsiCo, 238 F. Supp. 2d at 1177, "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Thus, the seventh Eitel factor weighs against entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | September 26, 2016 |
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

### 7. Conclusion Regarding the Eitel Factors

The Court concludes that plaintiff has failed to establish the merits of any alleged cause of action as would be required for entry of default judgment against Greenpoint. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Moreover, all but one of the seven Eitel factors weighs against entry of default judgment. The Court therefore denies plaintiff's motion for default judgment against Greenpoint.

### V. CONCLUSION

In accordance with the foregoing, the Court **DISMISSES with prejudice** plaintiff's claims against Greenpoint. As a result, the Court sets aside the Clerk's entry of default as to Greenpoint and **DENIES** plaintiff's motion for default judgment against Greenpoint.

IT IS SO ORDERED.

| | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |