# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | December 14, 2017 |
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC. ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                                 Not Present

**Proceedings:** (IN CHAMBERS) – DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS AND REQUEST FOR ATTORNEYS' FEES (Dkt. 35, filed November 14, 2017)

## I.     INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing date of December 18, 2017 is vacated and the matter is hereby taken under submission.

On May 24, 2016, plaintiff Martin Pearson filed the instant action against defendants Greenpoint Mortgage Funding, Inc. and Nationstar Mortgage, LLC, alleging federal and state law claims related to the foreclosure of his property. Dkt. 1. On June 3, 2016, plaintiff recorded a Notice of Pendency of Action ("Lis Pendens") against the real property located at 1168 Deborah Street, Upland, California 91784 (the "Upland property").[1] On July 18, 2016, the Court granted Nationstar's motion to dismiss with prejudice, and dismissed Nationstar from the action. Dkt. 20. On September 26, 2016, the Court denied plaintiff's motion for entry of default judgment against Greenpoint and dismissed plaintiff's claims against Greenpoint with prejudice. Dkt. 30. Plaintiff appealed to the Ninth Circuit on October 25, 2016, dkt. 32, and on November 9, 2017, the Ninth Circuit issued a memorandum affirming the Court's dismissal of the action. Dkt. 34.

---

[1]     The Court judicially notices the lis pendens attached to Nationstar's request for judicial notice, dkt. 36 & Ex. A, on the grounds that documents recorded with the county recorder are public records that are properly judicially noticed. See Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | December 14, 2017 |
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC. ET AL. | | |

Because the lis pendens remains recorded against the Upland property, Nationstar filed a motion to expunge the lis pendens and a request for attorneys' fees on November 14, 2017. Dkt. 35. Nationstar also submitted a request for judicial notice of the lis pendens recorded against the Upland property. Dkt. 36.

## II.   DISCUSSION

### A.   Motion to Expunge Lis Pendens

Federal courts look to state law when deciding matters involving lis pendens. See 28 U.S.C. § 1964. Under California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." The effect of a lis pendens "is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment." BGJ Assocs., LLC v. Superior Court, 75 Cal. App. 4th 952, 966 (1999). "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." Id. at 967. "The lis pendens remains effective until the pending action is concluded by a final judgment not subject to appeal, until a withdrawal of the lis pendens is recorded, or until an order expunging the lis pendens is recorded." In re Hatfield, No. 08-CV-30154-TEC, 2009 WL 2905847, at *2 (Bankr. N.D. Cal. Sept. 3, 2009) (citing 5 Miller & Starr §§ 11:137 at 355; 11:142 at 372).

Under California law, parties may ask the court during the pendency of litigation to expunge the notice of lis pendens. Cal. Code Civ. Proc. § 405.30. A court shall order that the notice be expunged if "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Id. § 405.32. "Probable validity" of a claim means that it is more likely than not that a plaintiff will obtain a judgment against the defendant. Orange County v. Hongkong and Shanghai Banking Corp. Ltd., 52 F.3d 821, 824 (9th Cir. 1995) (citing Cal. Code Civ. Proc. § 405.3). It is a plaintiff's burden to establish probable validity. Cal. Code Civ. Proc. § 405.32.

Nationstar asks the Court to expunge the lis pendens in light of the fact that the instant action is still pending while plaintiff has the opportunity to appeal the Ninth Circuit's decision to the Supreme Court. Motion at 2. Plaintiff does not oppose the motion. As such, and based on the Court's prior dismissal of the action in its entirety and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | December 14, 2017 |
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC. ET AL. | | |

the Ninth Circuit's memorandum affirming the Court's dismissal, plaintiff fails to meet his burden to show by a preponderance of the evidence that his claims have "probable validity" for the purposes of the instant motion. See Cal. Code Civ. Proc. § 405.32; see also Howard S. Wright Constr. Co. v. Superior Court, 106 Cal. App. 4th 314, 319 (2003) ("A notice of lis pendens may be expunged if the trial court finds that the plaintiff-claimant 'has not established by a preponderance of the evidence the probable validity of the real property claim.' ").

Accordingly, the Court **GRANTS** Nationstar's motion to expunge.

**B.     Attorneys' Fees**

Nationstar also moves for attorneys' fees related to the instant motion. Nationstar's counsel filed a declaration indicating that counsel's hourly fee is $225, and that Nationstar incurred $1,125 in attorneys' fees based on "at least" five hours preparing the instant motion and related documents. Dkt. 35 & Ex. 2, Declaration of Robert J. Im ("Im Decl.") ¶ 2. Counsel also estimated that he would spend an additional four hours preparing for and appearing at a hearing on this motion, which includes travel from Orange County, California. Id.

California Code of Civil Procedure section 405.38 provides that the prevailing party on a motion to expunge a lis pendens "shall ... be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with reasonable justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Civ. Proc. Code § 405.38.

After reviewing counsel's declaration, the Court concludes that counsel's hourly rate is reasonable. In light of the relative simplicity of the instant motion, the Court awards Nationstar attorneys' fees in the amount of $900.00 for four hours of work performed.

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01079-CAS(AJWx) | Date | December 14, 2017 |
| Title | MARTIN PEARSON v. NATIONSTAR MORTGAGE, LLC. ET AL. | | |

## III. CONCLUSION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that plaintiff shall be liable to Nationstar in the amount of $900.00.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |